**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | **2: 12-cr-00183** |
| v. | ) | |
| | ) | |
| ANTOINE CORTEZ DUTRIEVILLE | ) | |

## MEMORANDUM OPINION

January 26, 2016

Now pending before the Court is a PETITION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) FOR AMENDMENT TO THE SENTENCING GUIDELINES (ECF No. 62) filed pro se by Defendant Antoine Dutrieville. Assistant Federal Public Defender Michael J. Novara was appointed to represent Defendant in this matter and was given an extension of time until January 11, 2016 to file a brief in support of Defendant, if warranted. No brief has been filed, and the Public Defender's Office has indicated to the Court that none is forthcoming. The government then filed a response in opposition to the pro se motion (ECF No. 75). Thus, the motion is ripe for disposition.

Dutrieville contends that his sentence should be reduced as a result of the retroactive amendments to the Sentencing Guidelines which reduced the offense levels in the drug quantity tables. Unfortunately for Dutrieville, his sentence was not based on the Sentencing Guidelines, and therefore, the amendments do not justify a reduction in his sentence.

On April 11, 2013, Dutrieville entered into an agreement with the government by which he entered a guilty plea to conspiracy to distribute 100 grams or more of heroin and agreed to a stipulated sentence of 84 months imprisonment pursuant to Fed. R. Crim. P. 11(c)(1)(C). The plea agreement was conditioned on Dutrieville's right to pursue a direct appeal of the denial of

1

his suppression motion.[1]  Also of significance, by entering into the stipulated sentence, Dutrieville avoided the likelihood that he would have been classified as a Career Offender such that his Advisory Guideline range would have been 188-235 months of imprisonment.

Dutrieville was sentenced "based on" a stipulated agreement with the government pursuant to Fed. R. Crim. P. 11(c)(1)(C).  The length of Dutrieville's sentence was not expressly or indirectly linked to a drug quantity sentencing guidelines range that was retroactively amended.  *See United States v. Weatherspoon*, 696 F.3d 416, 422-24 (3d Cir. 2012).  Although Dutrieville contends in his motion that he would have been in criminal history category IV and that his advisory guideline range would have been 70-87 months, that calculation was not set forth in the plea agreement and no formal Presentence Investigation Report was prepared.  In summary, as the government correctly points out, Dutrieville was not sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered."

In accordance with the foregoing, the PETITION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) FOR AMENDMENT TO THE SENTENCING GUIDELINES (ECF No. 62) will be **DENIED**.

An appropriate Order follows.


BY THE COURT;

s/ Terrence F. McVerry
United States District Judge


---

[1]  Dutrieville, through counsel, did pursue his appeal regarding the denial of his motion to suppress evidence.  On February 26, 2014, in a precedential opinion, the United States Court of Appeals for the Third Circuit rejected Dutrieville's arguments and affirmed the decision of this Court that Dutrieville lacked standing to challenge the search.

cc:
      Cindy Chung, AUSA
      Michael Novara, AFPD

      Antoine Cortez-Dutrieville
      FCI-Cumberland, #33620-068
      P.O. Box 1000
      Cumberland, MD 21501
       (By First Class Mail)